Filed 6/22/21  Singh v. Florin Bradshaw Investors CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| KAMAR SINGH et al., | C091603 |
| Plaintiffs and Appellants, | (Super. Ct. No. 34201800225360CUBCGDS) |
| v. | |
| FLORIN BRADSHAW INVESTORS, LLC, et al., | |
| Defendants and Respondents. | |

Plaintiffs Kamar Singh and Kent Hoggan (collectively plaintiffs) sued defendants Florin Bradshaw Investors, LLC, and SI Real Estate, Inc. (collectively defendants) for declaratory relief, promissory estoppel, specific performance, and breach of contract arising out of two land purchase agreements.  Defendants prevailed on their motion for summary adjudication or, in the alternative, summary judgment (the motion).  Plaintiffs appeal, asserting the trial court erred in granting the motion because genuine issues of material fact exist.

1

We do not consider the merits of plaintiffs' arguments because they have failed to comply with several rules of appellate procedure. We thus affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are the assignees of two vacant land purchase agreements and joint escrow instructions, through which plaintiffs sought to purchase two properties from defendants. The first purchase agreement concerned a 70-lot subdivision generally referred to as the Garcia property, which was owned by Florin Bradshaw Investors, LLC. The second purchase agreement concerned a 30-lot subdivision generally referred to as the Lynn property, which was owned by SI Real Estate, Inc. The close of escrow date for both purchases was July 26, 2017. Plaintiffs were unable to close on the properties by July 26, 2017, and defendants declined to extend the deadline and sent a letter canceling the contracts, subject to reinstating the agreements based on mutually acceptable terms and conditions.

In their lawsuit, plaintiffs alleged that after entering the contract for the purchase of the Garcia property, their lender required a lot line adjustment and that the funding of the purchase be split at 35 lots per closing. The lender further required that the closing on the front 35 lots occur first (since that was where all access and utility stubs would start). Plaintiffs alleged Florin Bradshaw Investors, LLC "agreed and advised" plaintiffs to proceed with a lot line adjustment at a cost of over $15,000 and made representations that "it would agree to split the closings onto two 35 parcel closings." Plaintiffs alleged they proceeded to incur additional engineering and other fees based on those representations but, when they attempted to close on the front 35 lots of the Garcia property, Florin Bradshaw Investors, LLC, refused to do so and instead made the "impossible demand" that plaintiffs close on the back 35 lots first.

Plaintiffs further alleged, as to the Lynn property, they learned during the buyer acquisition period that the property fell within a flood plain and would require additional engineering and entitlement work, resulting in a delay of closing based on the Federal

2

Emergency Management Agency's approvals. According to plaintiffs, SI Real Estate, Inc. "understood this process very well and was willing to work with the buyers in determining an extended closing on this site after [the] Garcia property had closed."

Defendants argued there were no triable issues of material fact and thus they were entitled to judgment as a matter of law. The trial court agreed and granted summary adjudication in favor of defendants as to: (1) the declaratory relief cause of action, finding "[t]he undisputed material facts demonstrate the cause of action has no merit because there is no actual justiciable controversy between the parties as the cause of action has already accrued and the Lynn Property has been sold, Defendants did not breach the purchase agreements and Plaintiffs committed an unexcused breach of the purchase agreements, and Defendants did not wrongfully interfere with Plaintiff's performance"; (2) the promissory estoppel cause of action, finding "[t]he undisputed material facts demonstrate the cause of action has no merit because Defendants did not make any promise to extend the close of escrow, any alleged oral modification to the purchase agreements is invalid because the purchase agreements exclude oral modifications and Plaintiffs cannot establish reasonable reliance on said promise"; (3) the specific performance cause of action, finding "[t]he undisputed material facts demonstrate the cause of action has no merit because Plaintiffs have not performed, tendered, or been excused for nonperformance of the contracts, Defendants did not wrongfully interfere with Plaintiff's performance, Plaintiffs breached the contracts, and Defendants did not breach the contracts"; and (4) the breach of contract cause of action, finding "[t]he undisputed material facts demonstrate the cause of action has no merit because Plaintiffs did not perform and were not excused from performing under the terms of the contract, Defendants did not wrongfully interfere with Plaintiff's [*sic*] performance, and [Defendants] did not breach the contracts."

The trial court further ruled that defendants could recover their attorney fees and costs from plaintiffs under Code of Civil Procedure sections 1032, subdivision (b) and 1033.5, subdivision (a)(10), and Civil Code section 1717.

DISCUSSION

Plaintiffs raise two arguments on appeal.[1]  First, they assert, "because the question as to whether [defendants] granted an extension for a lot [l]ine adjustment was a question of fact, the motion should have been denied" as to the declaratory relief, promissory estoppel and breach of contract causes of action.  (Capitalization, bolding, and underlining omitted.)  Second, they argue defendants "were not entitled to summary judgment on all causes of action because there were genuine factual disputes as regards whether [plaintiffs] were required to close on the back 35 lots first."  (Capitalization, bolding, and underlining omitted.)

We decline to consider the merits of plaintiffs' arguments because plaintiffs have failed to comply with several fundamental appellate rules in this appeal.  "It is a fundamental principle of appellate law that the lower court's judgment is presumed to be correct [and] [a]n appellant has the burden to overcome the presumption of correctness and show prejudicial error.  [Citation.]  To satisfy this burden, the appellant must comply with rules that ensure both parties receive a fair and complete review of their

---

[1]     We note that in the introduction of their opening brief, plaintiffs assert the trial court erred "because there were (1) genuine issues of material fact in dispute as to whether [defendants], by their own acts or statements, agreed to extend the closing date on the purchase of the properties at-issue, (2) were genuine issues of material fact in dispute as to whether [defendants] were estopped from claiming non-performance by [plaintiffs]; and (3) there were genuine issues of material fact regarding whether the [defendants] could retain all deposits that were made for the purchase."  We address only the arguments raised by appropriate headings in the argument portion of plaintiffs' opening brief.  "Failure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading." (*Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179.)

contentions." (*Silva v. See's Candy Shops, Inc.* (2016) 7 Cal.App.5th 235, 260, disapproved on another ground in *Donohue v. AMN Services, LLC* (2021) 11 Cal.5th 58, 77.) Plaintiffs have failed to carry their burden.

First, we are unable to conduct an appropriate review of the trial court's ruling because plaintiffs have failed to provide an adequate record on appeal. As plaintiffs' appropriately note, we review the grant of a motion for summary judgment or adjudication de novo to determine whether the moving party met its burden of proof. (*Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 116.) As a result, we assume the role of the trial court by independently examining the record and evaluate the correctness of the trial court's ruling, not its rationale. (*Moore v. William Jessup University* (2015) 243 Cal.App.4th 427, 433.) Although de novo review is an expansive standard, our review is limited to the issues that plaintiffs identify and adequately brief. (*Christoff v. Union Pacific Railroad Co.* (2005) 134 Cal.App.4th 118, 125.)

We are unable to conduct a de novo review here because plaintiffs have *failed to include in the record* several documents critical to our review, such as the *memorandum of points and authorities in support of the motion and the separate statements of undisputed material facts, including responses*. "We should not have to point out to counsel who should be well-versed in appellate procedure that the appellant has the burden of affirmatively demonstrating error by providing an adequate record. [Citations.] A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." (*Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9.) Plaintiffs' assertion in their reply brief that defendants were required to counter-designate the record on appeal does not excuse plaintiffs' failure to carry their own burden.

Second, plaintiffs have run afoul of the rule that an appellant's brief must provide "a summary of the significant facts" relevant to the appellate issues raised in the case. (Cal. Rules of Court, rule 8.204(a)(2)(C).) Plaintiffs have made no attempt to do so in

this appeal. In the statement of facts in plaintiffs' opening brief, plaintiffs summarized only the evidence they believe favors their position on appeal and ignored all of the evidence presented by defendants and relied upon by the trial court. "A summary judgment motion triggers a procedure in which the parties pierce the pleadings to determine whether there are disputed facts and thus whether a trial is necessary to resolve the dispute. [Citation.] Thus, when a summary judgment is challenged, a reviewing court must examine the facts presented by the parties to determine whether summary judgment or summary adjudication was warranted. By failing to describe all of the evidence proffered in the proceedings, [plaintiffs] did not satisfy [their] appellate burden." (*Silva v. See's Candy Shops, Inc.*, *supra*, 7 Cal.App.5th at p. 260.) Without a fair recitation of the evidence, this court could address the merits of this appeal only by combing through the inadequate appellate record to unearth some of the pertinent pieces of evidence. We decline to do so.

Third, as in the trial court, plaintiffs have failed to provide any reasoned analysis applying legal principles to the facts of this case such that we can follow plaintiffs' reasoning in reaching the conclusions they ask us to reach. In the trial court's ruling, the trial court "observe[d] that Plaintiffs' opposition [wa]s minimal, simply cite[d] to legal cases without providing any legal analysis as to how the cases apply to the facts here." The same holds true in this appeal.

As to the first argument on appeal, plaintiffs identify several legal authorities in their opening brief pertaining to contract modification principles, oral contracts, the doctrine of past performance, and estoppel. Plaintiffs then conclude in a succinct fashion that, because "[t]here was conflicting evidence as to whether the [defendants] agreed to extend the closing until after the lot line adjustment was approved by the County" and defendants "signed an Application for a Lot Line Adjustment," "there were genuine questions of material fact as to whether [defendants] were estopped from cancelling the closing and whether the purchase agreement was modified orally." Plaintiffs fail,

6

however, to provide cogent reasoning by applying the legal principles asserted in their brief to the facts in this case and thus fail to disclose the reasoning by which they reached the conclusions they ask us to adopt. We may and do disregard such arguments. (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153; *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52 ["citing cases without any discussion of their application to the present case results in forfeiture"].) We further note plaintiffs' assertion in their first argument that they relied on the closing extension "in spending funds for the application and for engineering" is unsupported by a citation to the record. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 [" '[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been [forfeit]ed' "].)

As to the second argument on appeal, plaintiffs again present no cogent legal argument as to the existence of a genuine factual dispute that plaintiffs were required to close on the back 35 lots of the Garcia property. Plaintiffs merely set forth legal principles with regard to a claim for specific performance when a party is ready, willing, and able to perform on the contract and then in a conclusory fashion assert they were "ready, willing, and able to close on the front 35 lots and [defendants] refused" and "were also willing and able to close on the Lynn contract once [the Federal Emergency Management Agency] approval has been had, as agreed by the parties." Nothing in these conclusory assertions explains how there is any existence of a genuine factual dispute that plaintiffs were required to close on the back 35 lots of the Garcia property.

Fourth, we do not consider plaintiffs' apparent argument that defendants "agreed to extend the closing on the Lynn contract until approved from [the Federal Emergency Management Agency]" under the heading that a disputed question of fact exists as to the extension of the closing on the Garcia property because: (1) it was not asserted under a separate heading (*Pizarro v. Reynoso*, *supra*, 10 Cal.App.5th at p. 179 ["Failure to provide proper headings forfeits issues that may be discussed in the brief but are not

clearly identified by a heading"]); and (2) plaintiffs' citation in support of the assertion -- to page 33 of the clerk's transcript on appeal -- is to a page that merely sets forth the definitions for various terms in special interrogatories propounded by SI Real Estate, Inc. on Hoggan, and thus does not support plaintiffs' assertion.

Finally, although plaintiffs assert in the introduction of their opening brief that they seek reversal of the trial court's award of attorney fees, they do not assert any argument in that regard. As explained *ante*, we do not consider conclusory arguments presented in the absence of an appropriate heading and legal analysis.

For the foregoing reasons, we do not consider the merits of plaintiffs' arguments and conclude no error was demonstrated on appeal.

## DISPOSITION

The judgment is affirmed. Defendants shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1)-(2).)


/s/
Robie, J.


We concur:


/s/
Blease, Acting P. J.


/s/
Hull, J.

8